530 S.E.2d 397

**Ex Parte Jim and Angie RAYER, Appellants.**

**In re South Carolina Department of Social Services, Respondent,**

v.

**Beverly Bairefoot and William Nance: Alford Stroupe & Todd Kitts, Defendants,**

**of whom Beverly Bairefoot is, Respondent,**

**In the Interest of: Jonathan Nance DOB: 7–20–92, Minor Under the Age of 18.**

**No. 3155.**

Court of Appeals of South Carolina.

Submitted March 7, 2000.

Decided April 24, 2000.

John D. Elliott, of Columbia, for appellants.

C. Vance Stricklin, Jr., of Wilson, Moore, Taylor & O'Day, of West Columbia, for Beverly Bairefoot;  Montford S. Caughman, of Lexington;  and Kathy Gettys Wood, of SC Department of Social Services Office of General Counsel, of Columbia, for respondents.

Guardian ad Litem:  Doni M. Bouknight, of Lexington.

GOOLSBY, Judge:

Jim and Angie Rayer appeal an order of the family court removing their foster child, Jonathan Nance, from their home. We reverse and remand.[1]

At the time of the family court hearing, Jonathan had been living with the Rayers about thirteen months after the family court placed him in the custody of the South Carolina Department of Social Services. On August 31, 1998, representatives of the Department met with the Rayers and a mental health counselor to discuss the counselor's recommendation that Jonathan be removed from his foster care placement with the Rayers. This recommendation came about as a result of allegations made the previous week that Angie Rayer had improperly disciplined Jonathan by placing him in "time out" for excessive amounts of time. Before the meeting, Department representatives had discussed appropriate discipline and unrealistic behavioral expectations with the Rayers.

At the conclusion of the meeting, the Department informed the Rayers in writing of its decision to remove Jonathan from their home within ten days. The basis for the intended removal was the Rayers' alleged violation of a foster care licensing regulation requiring that all discipline be reasonable in manner, moderate in degree, and responsibly related to the foster child's understanding and need. The written notice included the following provision: "You have the right to appeal the removal of Jonathan from your home. An appeal must be given to Lexington County DSS in writing." On September 9, 1998, when a representative of the Department attempted to pick Jonathan up from the Rayers' home, the Rayers denied the representative entry to their residence and gave the Department written notice of their intention to appeal its decision to place Jonathan in another foster home.

On September 15, 1998, the Department filed a "notice and motion for emergency hearing," requesting authorization from the family court to remove Jonathan from his foster care placement with the Rayers. The notice and motion were

---

1. Because oral argument would not aid the court in resolving the issues involved in this appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

accompanied by an order of the family court setting the hearing date for the following day.

The Department did not serve the Rayers with the pleadings filed in connection with the emergency hearing; however, the Rayers received notice of the proceedings by telephone and appeared at the hearing with their attorney. Also present were counsel for the Department, counsel for Jonathan's biological mother, and the guardian ad litem.

The family court conducted the hearing without testimony, relying instead on affidavits from Department representatives. The family court also heard arguments from counsel and allowed the guardian ad litem to express her position on the issues. The Rayers' attorney stated his clients had filed an administrative appeal of the Department's decision to change Jonathan's placement and expressed his confidence they would ultimately prevail. The guardian recommended Jonathan remain in the Rayers' care pending a full hearing, including testimony, on the merits of the Department's request for removal.

At the hearing, the family court issued a summary order from the bench directing that Jonathan be immediately returned to the custody and placement of the Department. In a supplemental order dated September 28, 1998, the family court explained the grant of this relief was based on: (1) its determination that the Department had ultimate responsibility for foster care placements and the well being of children within the foster care system; (2) its conclusion there was "no right place" for Jonathan at the time; and (3) the fact that reunification of Jonathan with his biological mother was still a viable option at the time of the hearing.[2]

■ In their appeal to this court, the Rayers assert that, because the Department failed to comply with its own regulations governing disputes over foster care placement, the family court erred in allowing the Department to remove Jonathan from their care. We agree.

---

2. Counsel has informed this court that, while this appeal was pending, the parental rights of Jonathan's biological parents have been terminated.

The regulatory scheme governing removal of foster children from foster care placement homes is set forth at 27 S.C.Code Ann. Regs. 114–110 (1976). Pursuant to these regulations, foster parents are entitled to at least ten days advance notice of a decision by the Department to remove a foster child from their home unless: (1) removal is deemed necessary for the protection of the foster child; (2) the foster home license has been finally revoked; or (3) the foster parents themselves have requested the child's removal.[3] In the event a foster parent files an administrative appeal challenging the Department's decision to remove a foster child who has resided continuously with the foster parent for more than six months, that child "shall not be removed from their care pending the final decision on the appeal."[4] In such an administrative appeal, the foster parents are entitled to no less than thirty days notice of the hearing, and the notice must include the legal and factual basis for the agency's decision.[5] As well, the foster parents should have the opportunity to review all documents and records on which the agency will rely at the hearing.[6]

■ Here, the Department failed to give the Rayers the procedural protections mandated by the governing regulations. Although the Rayers gave the Department written notice of their intention to appeal the decision to remove Jonathan from their home, they were never given the requisite thirty days notice of a merits hearing on their appeal. Moreover, even though Jonathan had resided with the Rayers for thirteen months before the Department decided to change his foster care placement, he was not, contrary to the applicable regulation, allowed to remain with the Rayers while their appeal was pending.[7] In fact, as the Department itself stated

---

3.  27 S.C.Code Ann. Reg. 114–110(E)(5) (1976).

4.  *Id.* at 114–110(E)(6).

5.  *Id.* at 114–110(E)(1)(c).

6.  *Id.* at 114–110(E)(1)(d).

7.  The Department contends that, because it determined that removal of Jonathan from the Rayers' care was necessary for his protection, it did not act in derogation of the regulatory scheme established to hear and

in its brief, no fair hearing on the Rayers' administrative appeal has taken place.[8]

We therefore hold the family court erred in allowing the Department to remove Jonathan from the Rayers' care without first requiring it to comply with the applicable regulations governing such removals. We therefore reverse the appealed order and remand the case for an administrative hearing in compliance with Regulation 114–110.[9]

**REVERSED AND REMANDED.**

CONNOR and HOWARD, JJ., concur.

---

decide disputes over foster care placement. We find no merit to this argument. First, as the Department itself conceded, the Rayers have never been charged with abusing or neglecting Jonathan. More importantly, the Department relies on Regulation 114–110(E)(5) to support its position. As stated in the body of this opinion, however, that regulation exempts the Department, in certain situations, only from giving the foster parents the initial ten-day notice of its intention to remove a child from their care. Without question, the Rayers received the initial ten-day notice. The Rayers' appeal to this court concerns the procedural irregularities occurring after they notified the Department that they were appealing its decision to remove Jonathan from their home.

8. We disagree with the Department's argument that the family court decision to allow Jonathan's removal from the Rayers' home should be upheld because the Rayers failed to complete the necessary paperwork to perfect their administrative appeal. The applicable regulation requires only that the foster parent or other claimant request a fair hearing "by making any clear expression, either oral or written, to the effect that the claimant wishes to go beyond the usual procedure for adjusting complaints and desires an opportunity to present his complaint to the agency." Regulation 114–110(D)(1). Although, as the Department notes, the regulation states that a DSS Form 1206 must then be completed, it also provides that "[t]he effective date of the request for appeal shall be the date upon which the oral and written request was made, and not the date of signing of DSS Form 1206, if different." *Id.* at 114–110(D)(1)(b).

9. To minimize any further disruption in this case, the Department shall retain control over Jonathan's foster care placement while the Rayers' administrative appeal is pending.